FILED

SEP 2 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAURICE D. TAYLOR ~~[struck through]~~
    Petitioner,
1175 Stevens Rd. S.E.
Washington, D.C. 20020
    v.

U.S. PAROLE COMMISSION
5550 Friedship Blvd, Suite 402
Chevy Chase, Md. 20815

COURT SERVICES AND OFFENDER
SUPERVISION FOR THE DISTRICT OF
COLUMBIA, 25 K St. N.W.
Washington, D.C., 20001

U.S. MARSHALL SERVICES
333 Constitution Ave. N.W.
Washington, D.C., 20001

BUREAU OF PRISONS
320 First St. N.W.
Washington, D.C., 20001
    Respondents.

Civil Action No. _____
(28 U.S.C. 2243)

CASE NUMBER 1:05CV01887

JUDGE: Richard W. Roberts

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 09/23/2005

## AN EMERGENCY WRIT OF HABEAS CORPUS

The petitioner moves this Honorable Court to grant this writ expediously as justice require and order the respondent to show cause in a "THREE (3) DAYS" period, why the petitioner must lawfully remains under the U.S. Parole Commission and the Court Services and Offender Supervision's authority. The named petitioner is now "PROTESTING" the authority of the U.S. Parole Commission as being unconstitutional and his "PHASE-OUT AND PHASE-IN" must be "ABOLISHED" for good, because the petitioner's Liberty

RECEIVED
AUG 29 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-1-

## THE REASON WHY THE WRIT SHOULD BE EXPEDITE

(A). This Honorable Court is granted with the judicial power to "ABOLISH" the Parole Commission for good as justice require in respect to prisoners Constitutional Rights and demand the release of all parolee under his authority. Accordingly, because offenders will no longer be paroled after serving only a portion of the sentence imposed, the Act eliminates the Parole Commission. See Comprehensive Crime Control Act of 1984. Public Law No. 98-473, Title II, § 235, 98 Stat. 2031-2024 (1984). See U.S. v. Estrada, 680 F. Supp. 1312, at 1338, (1988). In the above Caption case, the U.S. Sentencing Commission could not had operate under his own Sentencing Guidelines provision, if the Parole Commission had remain to stay in existence to revoke federal prisoners sentence. The U.S. Sentencing Guidelines Manual section 4A1.1 (d) does authorize the federal court judges to impose a two (2) points enhancement for a defendant being on probation, parole or supervise release term and the U.S. Sentencing Guideline Manual 4A1.1 (E) authorize federal judges to impose a one (1) point enhancement for being convicted on the "NEW OFFENSE", whiled being on parole/probation within a period of two (2) years. Most of all, the defendant receives a THREE (3) points enhancement for a prior conviction, pursuant to the U.S.S.G. § 4A1.1. Than in some cases, the U.S. Parole Commission will lodge a detainer for the same above violations and revoke the defendant's parole again.

(B). In the year of 1992, the Supreme Court Justice judges had declared that the U.S. Parole Commission was also "ABOLISHED". See <u>Mistretta</u> v. <u>U.S.</u>, 488 U.S. 361 (1989).

(C). On August 5th, 1998, the U.S. Parole Commission assumed the parole making responsibilies of the D.C. Board of Parole with respects to all-eligible D.C. Code Inmates. On August 5th, 2000, when the D.C. Board of Parole was completely abolished, the Parole Commission also assumed the parole revocation functions regarding D.C. Offenders of the former D.C. Board of Parole. See D.C. Code § 24-131.

(D). The sole issue raised by this case is whether the U.S. Parole Commission has been operating in "BAD FAITH OF THE LAW", as well as the D.C. Board of Parole under the unconstitutional authority for Congress, that deprived D.C. Code Offenders of their liberty Interest and fair due process of the law. It is very clear from the court's entire record, that the petitioner has never 'waived' his right to a "SHOW CAUSE HEARING", parole revocation hearing in any court of Law, but is compelled to be seen by a Parole Board Examiner. On the contrary, this Honorable Court must relive the petitioner from any adverse present or future sanction by parole officials and place a judicial "CAP" on Congress intention to extend the U.S. Parole Commission's authority further, as in D.C. Code § 11-923 and 24-104, as been "RESERVED" under the D.C. Code statute.

[1]   District of Columbia Code 1973, § 24-104, gives the court the power to revoke probation and <u>not the U.S. Parole Commission</u>.   That probation statute is drawn broadly to give the <u>court</u> great leeway and flexibility to tailor the decision on probation to each probationer's needs.   This power to revoke probation must be exercised by "informed discretion based upon a hearing in accordance with due process requirements, <u>Gagnon v. Scarpelli</u>, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973).

[2]   What makes the U.S. Parole Commission's "REPLACEMENT" unconstitutional, is that, Congress is in violation of the Federal Laws, by extending the U.S. Parole Commission's authority to unlawfully function in the capacity for an "ARTICLE III JUDGES.' Revocation hearings under the U.S. Parole Commission are more harsh than court's revocation hearings, because once the parolee has been re-detain on a U.S. Marshal warrant-detainer, the parolee will not get a "BOND HEARING", his case will be "REVOKE" under "BIAS" procedure and the parole decision are "NON APPEALABLE', <u>but the prisoners remain to sufferred in jail without legal appellate-process</u>. This question arises, of course, whether may be the policy implications to this development, the de facto transfer of the sentencing authority from the judge to the Parole Commission etc., <u>result in a violation of due process.</u>

- 4 -

## WHETHER THERE IS AN ERROR IN THE
## JUDGMENT AND COMMITMENT ORDER

[3]   Petitioner/Appellant contends that there is an error in the Judgment and Commitment Order, because the sentencing judge had imposed a Supervised Release Term ( 2 years ) which was delegated to the U.S. Parole Commission, signed by judge FOR THE SUPERIOR COURT. In fact, supervised release term and probation is really the same provision of the law and defendants has always appear before their sentencing judge on revocation hearings.  This always the responsibility of an "ARTICLE III COURT."  But however, Superior Court cases are being "SPLIT" among the U.S. Parole Commission, who has "NO INTERPRETATION OF THE LAW."  This constitute a violation of the Separation of Power, because parole officials cannot impose any kind of judicial punishment on a parolee or probationary defendant.  See U.S. v. Benz, 282 U.S. 304, 311, 51 S. Ct. 113, 75 L. Ed. 354 (1931). U.S. v. Johnson, 48 F. 3d. 806, 808-09 (1995). See also, Title 18 U.S.C. § 3551 (a), 3553, etc.  This Honorable court should declare D.C. Code § 24-131, 133 and 28 C.F.R. § 2.20 as being unconstutional enacted by Congress.  Furthermore, urine testing is a "DNA" sample that "SELF-INCRIMINATED" device coerced through court's proceedings, parole proceedings and prison proceeding as well, violating the  person's 4th and 5th Amendment Rights.  See Miranda v. Arizona, Supreme Court cite ( A form of confession).

- 5 -

Interest is being "THREATEN" by his Parole Officer (Mrs. Rivers).

### STATEMENT OF THE FACTS

Most recently, Mrs. Rivers (P,O.) has threatened Mr. Taylor by saying:   "Mr. Taylor, if you give me one more positive uRiNE I am going to to notify the U.S. Parole Commision and have a warrant taking out for your arrest.

Mr. Taylor is a "STATE PRISONER" of the Superior Court for the District of Columbia and he was sentence to 15 To 45 years for Armed Robbery, which his second portion of his sentence was delegated unLawfully under the jurisdiction of the U.S. Parole Commission, in violation of the "SEPARATION OF POWER."

Mr. Taylor's prudent prison file will clearly show that he had served jail-time since the year of 1990 thru 2003 between the custody of the Department of Correction and the Bureau of Prisons facility.  To the contrary, Mr. Taylor was only required to had served only 120 months (10 ten years) on his minimum 15 years said sentence under the "STATE 65% SCALE LAW", with Good Time Credits reduce, but somehow, Mr. Taylor was replaced under the "FEDERAL 85% SCALE LAW" by the Bureau of Prisons officials, pursuant to Title 18 U.S.C. § 3624, which requires fedral prisoners to receive "54 Days a year and not D.C. Code Offenders."  Mr. Taylor has loss 20% of his Liberty Intertest from a "SECRET CONTRACT" negotiated by the D.C. Mayor and the Bureau of Prisons Director.  For this cause, <u>Mr. Taylor is three (3) years in the rear of unlawfully CONFINEMENT.</u>

## PAROLE COMMISSION DOES NOT HAVE POWER TO REDUCE "STREET TIME CREDITS AT ALL

[4]   The petitioner/appeallant now "PROTEST" and officially "SQUARE-OFF" from the judges decision in United States v. Noble, 887 F. Supp. 11 and U.S. v. Noble, _____, F. 3d. _____, D.C. Circuit.  The three-Judge Panel in the above case did not ever deal with whether the Parole Commission had violated the Separation of Power doctrine at all and whether double jeopardy was a factor in those cases above.  Those above question will now be answer by a "PRO BONO LAWYER", since district court judges seem to "SIDE-STEP" from these extraordinary arguments.  It is well settled by the law, that if officials judges cannot "EXPAND" the expiration of a person's original sentence, that the U.S. Parole Commission cannot exercise "JUDICIAL OR LEGISLATIVE" authority at all.  Speaking federal law, review of sentencing imposed under the guidelines is generally limited to a determination of whether the sentence was imposed in violation of the law, as a result of incorrect application of the sentencing guidelines, or was outside the applicable guideline range and was unreasonable to the defendant's perception.  See U.S. v. Goodman, 914 F. 2d 696, 697-698 (5th Cir. 1990).  A sentence imposed outside the range of the applicable sentencing guidelines will be reverse only if it is unreasonable. 18 U.S.C. § 3742 (e)(2). Supervised release is "in custody" for the purpose of § 2255, 2241 and D.C. Code 23-110.  See U.S. v. Brown, 117 F. 3d 471, 475 (11th Cir. 1997).  Moreover, judges cannot commit an "OVER-LAP" beyond the maximum sentence and nor can a judge super-

-7-

sede the legislative law himself.

The petitioner now "PROTEST" that "Failure To Meet A Timely Probation Appointment", has been substituted to a "Failure To Appear" statute under parole condition, but a parole office is not considered to be a court and no violation should occur under this fraudlent provision of the law. There is nothing in the petitioner's parole file that he had ever "FLEE" from the District of Columbia or the United States.

Furthermore, a parolee cannot be ever confine in jail for a positive or negative urine sample, because he has been coerced by his parole officer to "SELF-INCRIMINATED" himself without the parole officer reading him his "MIRANDA RIGHTS" not to submit that "DNA" Test. This parole condition of release is unconstitutional and a "WRIT OF MANDAMUS" should be filed against the U.S. Marshal Office, so that D.C. Code Offenders will not be pick up on a "BOGUE-DETAINER" filed by CSOSA.  <u>See attached law on DNA</u>

The petitioner respectfully request that, if a parole warrant has been filed in this case, the warrant must be terminated and the second portion of his sentence must be vacate, because there is no "JUDICIAL-HEARING" will be held in this case at all

Respectfully submitted,

Dated: August 29, 2005

-8-

*Maurice D. Taylor*
MAURICE D. TAYLOR

I hereby cerify that a copy of the foregoing Writ of Habeas Corpus were served in person to Mrs. Rivers office, CSOSA Division, located at 25 K Street, N.W., Washington, D.C. on this 29th, day of August, 2005 by Milton J. Taylor (PRO BONO LAWYER).

*Milton J. Taylor*
MILTON JOSEPH TAYLOR
PRO BONO BAR NO. 777-13
1175 Stevens Rd., S.E.
Washington, D.C., 20020

-9-

WHETHER CONGRESS HAS CREATED STATUTES
FOR PAROLE AND PRISON OFFICIALS TO TAKE
URINE AND DNA BLOOD SAMPLES IN JAIL AND
ON SUPERVISED RELEASE TERM ?
---

Subsequently to the publication of the interim rule, Congress enacted Public Law 107-56, the USA Patriot Act. Section 503 of the USA Patriot Act provided that three (3) additional categories of offenses shall be treated for purpose of DNA sample collection as qualifying federal offenses, as determined by the Attorney General: (1) Any offense listed in section 2332 (g)(5)(B) of title 18 United States Code; (2) any crime of violence (as defined in section 16 of title 18, U.S. Code; and (3) any attempt or conspiracy to commit any of the above offenses. See 42 U.S.C. § 14135a (d)(2). The Department of Justice published a proposed rule in the Federal Register on March 11, 2003, to implement this explanded sample collection authority. See Federal Register 11481 (March 11, 2003). The statute and rules violated numerous provisions of the Constitution. See also C.F.R. § 28.2 . The probation office "may use or authorize the use of such means as are reasonable necessary to detain, restrain, and collect a DNA sample" from any individual who refuses to give a sample. See id. § 14135a (a)(4)(A). An individual who fails to give a DNA sample is guilty of a class A misdemeanor. See id. § 14135a (a)(5).

- 21 -

The collection of a DNA sample taken from any individual who refuses to give a sample is a threat to his or her human nature and Constitutional Rights invaded by Congress and those who execute the physical acts. Whether the enforcement comes through a court order or not, it is still remains to be unconstitutional under the Fourth Amendment, Fifth Amendment, Eighth Amendment, Nineth Amendment and the Fourteenth Amendment Rights. A condition of parole or supervised release term that has not been order by a judicial court, as an additional punishment, is a violation of the Separation of Power, because a felony charged that already has been prosecuted, cannot be converted into a small misdemeanor. <u>A prisoner cannot become a suspect for a future</u> charge that the government has an "unparticularized <u>suspicion</u> or hunch." <u>U.S.</u> v. <u>Sokolow</u>, 490 U.S. 1, 7, 104 L. Ed. 2d. 1, 10 (1989) ( quoting <u>Terry</u> v. <u>Ohio</u>, 392 U.S. at 27, 20 L. Ed. 2d at 9090. The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated ..." Requiring a person to give blood sample constitutes a Fourth Amendment search. <u>Skinner</u> v. <u>Railway Labor Executive Ass'n</u>. 489 U.S. 602, 616 (1989) ("[T]his physical intrusion, penetrating beneath the skin, infringes upon an expectation of privacy

- 22 -

that society is prepared to recognize as reasonable.").

The ensuing chemical analysis of the sample to obtain physiological data " is also a search covered by the Fourth Amendment. Id. The fundamental task of any Fourth Amendment analysis is assessing the reasonableness of the government search. U.S. v. knights, 534 U.S. 112, 118 (2001). If the search is reasonable, there is no constitutional problem, for the Fourth Amendment only protects individuals from unreasonable search and seizures. Skinner, 489 U.S. at 619. Determing whether a search in reasonable "depends on all of the circumstances surrounding the search or seizure and the nature of the search or itself." Skinner, 489 U.S. at 619.

This case further falls into a meritorious claim under the Parole and the Probationary Officials that supervise all parolees within the UNited States. If a parolee or defendant on pretrial status are required to submit a urine whether it be negative or positive to assigned governmental officials. If the urine test comes up "positive" the person's status will be "REVOKE" and re-detain back into jail by a Parole Commission's filed warrant. The petitioners again "PROTEST" that the above condition of submitting a urine is another form of DNA study and will "SELF-INCRIMINATE" himself at his own revocation hearing. This constitute a clear violation of his or her "MIRANDA RIGHTS" and a defnse lawyer cannot refut this argument at all. The Constitutional Amendments protects a person in all stages of his parole or court's hearings, pursuant to Title 18 USC § 242.

*PRO SE ATTORNEY*                  -23-                  *Milton J. Taylor*