FILED

SEP 23 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAURICE D. TAYLOR            )
    Petitioner,          )
                         )
    v.                   )   Civil Action No. 05 1887
                         )
U.S. PAROLE COMMISSION, ET AL., )
    respondents.         )

MOTION TO EXPEDITE THIS WRIT OF HABEAS
CORPUS PURSUANT TO TITLE 28 USC § 2243

    This matter is now pending before this Honorable Court for review, in which this case needs to be expedite, because the petitioner has been unlawfully detained in the custody of the D.C. Jail, due to a "PAROLE-DETAINER" executed by the U.S. Marshal Services.

    The petitioner's Parole Officer (Mrs. Rivers) has truly satisfied her premeditated "THREAT" that she will have Mr. Taylor put back in jail. See Statement of the Facts within the original complaint filed on August 29th, 2005.

    This Honorable Court have judicial power to intervene in an extraordinary situation, which involve a "BOGUE-DEATINER" executed by the U.S. Marshal Services, which had resulted to a criminal "KID-NAPPING" scheme.

The petitioner (Maurice Taylor) remains to be sitting in a "JAIL-CELL" at the D.C. Jail "WITHOUT A JUDGMENT AND COMMITMENT ORDER" signed by no federal or state judge at all. He has never "waived his rights to a judicial show cause hearing or revocation hearing in the Superior Court at all. For this cause, the Warden Stevens A. Smith is holding Mr. Taylor in custody in violation of the Constitution and Laws of the United States.

The petitioner will not receive a "BOND-HEARING" detained under the jurisdiction of the Warden above or by being under the jurisdiction of a parole detainer and neither will he have a right to appeal any adverse decision made by the U.S. Parole Commission, because parole decisions are "NON-APPEALABLE." This constituted an intent violation of the due process law.

Congress had "MISLEADED" the entire Executive Branches of the Department of Justice, by enacted D.C. Code §24-131, 133 and 28 C.F.R. § 2.20, which had authorized executive officials to perform judicial function, as well as "ABOLISHED" the judicial power/function by state judges within the Superior Court, pursuant to the D.C. Code § 11-923 (sentencing power to Article III Judges). The petitioner contends that the District of Columbia Code 1973, § 24-104, gives the court the power to "REVOKE" probation or supervised release term and not the U.S. Parole Commission at all.

The D.C. Code 24-104 statute should not had been declare a "RESERVED" provision of the law, because the "INTERPRETATION OF THE LAW" belongs to a judicial court only and professional minds that protects the deprivation of a person's liberty Interest, suchas "UN-OATH BOUND LAWYERS." The petitioner's acting "PRO BONA LAWYER" in this case, remains to be his "PHYSICAL-BROTHER" with self-educated legal experience to know the different between justice and injustice.

The U.S. Parole Commission has been granted with the power to take "STREET TIME CREDITS" from parolees and Supervised Release offenders (on his own motion), in accordance with the United States v. Noble, decision, 887 F. Supp. 11 and U.S. v. Noble, _____, F. 3d. _____, D.C. Circuit. The U.S. v. Noble decision is now being "PROTESTED" in its entirety, because the dispute lies a controversy between federal or state judges being prohibited to exceed a sentence "BEYOND THE MAXIMUM SENTENCE", but the U.S. Parole Commission can forfeit a person's street time credits, revoke the parolee status at will and than compelled the parolee to restart his street time credits all over again when he does return back to society. The case which the petitioner will cite in this paragraph, condemn the U.S. v. Noble decision. The Fourth Circuit was squarely faced with "OVER-LAPPING" the expiration sentence and its an automatically reversal and vacate of sentence. U.S. v. Throne, 153 F. 3d 130.

-3-

In this Honorable Court also, Magistrate Judge Alan Kay had issued a Report and Recommendation on December 27, 2004, clarified that Milton J. Taylor supervised release term had ended in December of 2003 and the U.S. Probation Office could not extend an additional of 18 months more to Mr. Taylor's imposed sentence by Judge Paul L. Friedman. Furthermore, judge Gladys Kessler had confirmed the above Magistrate recommendation and closed out Mr. Taylor's case in its entirety. See U.S. V. Taylor, Criminal Case No. 97-0035 and Civil Case No. 04-669. (decided 02/04/05.

This case actually deal with an unconstitutional "PHASE-OUT AND PHASE-IN" for the U.S. Parole Commission, approved by Congress. U.S. v. Estrada case, 680 F. Supp. 1312, at 1338 (1988) had abolished once the U.S. Parole Commission and Mistretta v. U.S., 488 U.S. 361 (1989) secondly had "ABOLISHED" the U.S. Parole Commission not leaving in the first instance, as to the year of 1992, but Congress had unlawfully extended a Federal Parole Board five (5) years to destroy the "CONSTITUTIONAL ANALYSIS OF THE LAW", by allowing the United States Parole Commission to had operated in a "FRAUDULENT" manner against D.C. Code Offenders. Even if the D.C. Parole Board would had stayed in existence, they still would had done the same criminal activity also, by "IMPERSONATING AS BEING AN OFFICIAL JUDGE." See U.S. v. Johnson, 48 F. 3d 806, 808-09 (4th Cir. 1995).

-4-

CONCLUSION

The petitioner has been sentenced to 15 To 45 years in the custody of the U.S. Attorney General, had served "JAIL-TIME CREDITS" since the year of 1990 thru 2003 which was an approximated of 13 years, but was only required to had served 10 years (with Good Time Credits) under his "STATE 65% SCALE LAW", but the petitioner was unlawfully placed under the Federal 85% SCALE LAW on purpose, causing him to had loss 3 years of unlawful confinement within the Bureau of Prison, due to a "SECRET CONTRACT" negotiated by the D.C. Mayor and the Bureau of Prisons officials. Mr. Taylor is confined over the D.C. Jail for several alleged "Failure To Report To His Parole Officer and past positive drug testing. The petitioner contends that "DNA TESTING" is a self-incriminating process under parole condition and he had never waived his "MIRANDA RIGHTS" prior to being lock up at the police station, but was forced to take those urine tests by a "THREAT" of being violated under the authority of CSOSA. The petitioner respectfully request that this Honorable Court will issue an order to the Warden of the D.C. Jail to release him from their custody as expediously required under the 3 Days Show Cause Writ (28 USC § 2243) and vacate the second portion of his sentence.

Respectfully submitted,

9-7-2005

*Maurice Taylor*
MAURICE TAYLOR
D.C. Jail
1901 D St. S.E.
Washington, D.C., 20003