EXHIBIT C

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
SOCIAL SERVICES DIVISION - ADULT BRANCH

PRESENTENCE REPORT

PDID No.: 291-904
Docket No.: F8099-89B

Re: Maurice Taylor                      Date Referred: 2-6-90

To: The Honorable Robert M. Scott       Date Due: 3-9-90

From: Probation Officer Marian Yates    Sentencing Date: 3-13-90

---

**Defendant Information:**
True Name: Maurice Deploris Taylor      Address: _ _ _ _ _
                                        Wash.,

                                        Tel.

Aliases:  Maurice Deporris Taylor
          Maurice Deplorria Taylor

Age/Birthdate: _          Sex: Male     Birthplace: Wash., D.C.

Time in D.C. Area: Life                 Citizenship: U.S.
                                        Alien No.: N/A

Marital Status: Single   Dependents: One   Education: 9th grade

Social Security No.:                    Permit No.: Unknown

DCDC No.: 191-971                       FBI No.: 572385T4

---

Offense, Code and Penalty: Armed Robbery; 22-3202(a)(1); 2 years, to Life


Plea: Not guilty  Judgment: Guilty (Jury)   Bond Status: Held W/O
                                            Bond


Detainers or Pending Charges: None known

Co-defendants:
Isiah Lawrence         (Dkt No.): F8101-89        (Status): Sent. 3-13-90
James Shorter          (Dkt No.): F8100-89        (Status): Not guilty 1-30-90

AUSA: Heidi Pasichow                    Telephone: 272-9470

Defense Counsel: R. Fortune             Telephone: Unknown

"In accordance with the U.S. Parole Commission and Reorganization Act, Public Law
94-233, dated March 15, 1976 this report is disclosable to inmates in federal
institutions for purposes of parole consideration."

---

Disposition and Date:

2

CONTACTS:

| | |
|---|---|
| 2-23-90 | Attempt to contact AUSA, unable to reach. |
| 2-26-90 | Attempted to interview defendant at Lorton Facility, he refused to be interviewed. |
| 2-26-90 | Contacted Parole Department, Ms. L. Butler, parole officer. |
| 2-26-90 | Attempt to contact AUSA. |
| 2-26-90 | Attempt contact defendant's mother, Ms. Dorothy Taylor at 889-7681, telephone disconnected. |
| 3-1-90 | Consultation with AUSA. |
| 3-5-90 | Victim Impact Statement mailed. ( The request was not received until 3-5-90). |

OFFICIAL VERSION:

According to the Metropolitan Police Report 163, an undercover officer pulled to the curb at about 2006 hours and was approached by John Doe #1 Black male in his 30's, wearing short pants and matching top, tennis shoes and a black watch. He asked what the undercover officer wanted. The U/C stated "water". He got into the vehicle and directed the officer to drive until they reached a parking lot at 2600 and Wade Rd., S.E. Then J.D. #1 rolled the window down and yelled to John Doe #2, Black male, 30's, 5'8", 150 pounds wearing a white shirt with a black stripes in the chest area about six to eight inches around. J.D. #2 asked J.D. #1 what the undercover officer needed. J.D. #1 said he wants three. J.D. #2 ran down the hill away from the parking lot toward the railroad tracks. J.D. #1 then conversed with the undercover officer and then got out of the vehicle and approached John Doe #3, a Black male, 5'10", wearing a yellow T-shirt inside out with writing I'm Bad and blue shorts. J.D. #3 then approached the driver's side of the vehicle and asked what the undercover officer wanted, "crack or water". The undercover officer stated "water" and J.D. #3 left and reapproached with a one ounce bottle and gave it to the undercover officer. The undercover officer was told to dip and check it out. The undercover officer stated "no, I have to take a urine test and need two more bottles. J.D. #3 stated take this bottle and I'll bring the other two. Shortly thereafter J.D. #2 came running back off the hill and approached the passenger side. He got into the

3

**OFFICIAL VERSION:** (continued)

vehicle and stated, "He got the three." J.D. #2 then told the
undercover officer to buy the one bottle offered by J.D. #3 and the
officer stated okay as soon as he brings two more. At this point, J.D.
#2 reached into his waist and pulled out a .38 caliber four inch
revolver and demanded money. J.D. #3 remained at the driver's window
watching the robbery as if to be a look out. J.D. #2 was given $650 in
MPDC pre-recorded funds at which point he snatched the money, exited
the vehicle and ran with J.D. #1 and J.D. #3 and a fourth Black male up
over the hill behind the parking lot. The undercover officer left the
area and broadcasted a look out to the members of the coverage team. A
short time later the undercover officer was asked to view several
subjects.

On 7-11-89, members of the Morals Division along with the
complainant responded back to the area of the incident. The officers
were cruising the area and the complainant observed the defendant J.D.
#2 in the 2700 block of Wade Rd., S.E. The defendant's location and
description were given to the other members. The defendant stopped a
short time later and the location was given to the complainant. A show
of I.D. was performed at 0009 hours and the complainant was brought to
the scene and positively identified the defendant as the subject who
had robbed him at gun point. The defendant was arrested and
transported to Morals for processing.

**DEFENDANT'S VERSION:**

The defendant refused to be interviewed by this officer.

**PRIOR CRIMINAL RECORD:**

| | | | |
|---|---|---|---|
| 5-24-77 | Robbery<br>044308-77A | No papered | DCSC/FBI<br>MPD |
| 6-29-78 | CSA<br>M05719-78A | No papered | " " |
| | Marijuana Possession<br>(Ct. B) | 365 days work release,<br>185 days susp., 1 yr.<br>prob. 9-6-78 to 9-5-79,<br>term. succ. 9-5-79 | " " |
| | Smoking on Metro<br>(Ct. C) | Nolled | " " |
| | Disorderly (Ct. D) | 90 days work release | " " |

PRIOR CRIMINAL RECORD:  (continued)

| Date | Charge | Disposition | Source |
|------|--------|-------------|--------|
| 3-26-79 | Possession of Marijuana<br>M03412-79A | No papered | DCSC/FBI<br>MPD |
| | Dangerous Drugs (Ct. B) | No papered | " " |
| 8-1-80 | Possession of Preludin<br>M08005-80A | Nolled | " " |
| 6-19-81 | Receiving Stolen Goods<br>M06739-81A | No papered | " " |
| | Carrying a Dangerous Weapon/Gun (Ct. B) | DWOP | " " |
| | Unregistered Gun (Ct. C) | DWOP | " " |
| | Ammunition Violation (Ct. D) | DWOP | " " |
| 4-23-82 | DIP | EF $10 | MPD |
| 12-13-82 | Distribution of Heroin<br>M15587-82A | No papered | DCSC/FBI<br>MPD |
| | Possession of Heroin (Ct. B) | 180 days work release | " " |
| 1-7-83 | Burglary I<br>F00160-83A | Held for SCGJ | " " |
| | Armed Burglary I (Ct. B) | Plea to lesser included offense | " " |
| | Armed Burglary (Ct. C) | Dismissed | " " |
| | Burglary II (Ct. D) | Confinement only 4 yrs./ 12 yrs. | " " |
| 2-25-83 | Disorderly | EF $10 | MPD |

2 - 21

3 - 3

5

PRIOR CRIMINAL RECORD:  (continued)

| Date | Offense | Disposition | Source |
|---|---|---|---|
| 7-9-83 | Possession of PCP<br>M08880-83A | Nolled | DCSC/FBI |
| | Possession With Intent<br>to Distribute Marijuana<br>(Ct. B) | Nolled | " " |

Rockville, Maryland

| Date | Offense | Disposition | Source |
|---|---|---|---|
| 12-14-83 | Theft | Unknown | FBI |

Washington, D.C.

| Date | Offense | Disposition | Source |
|---|---|---|---|
| 12-16-83 | Prison Breach<br>F02543-84A | Nolled | DCSC/FBI |
| | Distribution of<br>Dilaudid (Ct. B) | Held for SCGJ | " " |
| | Distribution of<br>Dilaudid (Ct. C) | Plea to lesser included<br>offense | " " |
| | Possession of Dilaudid<br>(Ct. D) | 120 days confinement | " " |
| | Prison Breach<br>F03214-84A | 1-3 yrs. | |
| 1-24-84 | Bail Reform Act/Fel.<br>F02541-84A | Waived to SCGJ | " " |
| | Bail Reform Act/Fel.<br>(Ct. B) | Dismissed | " " |
| 7-11-89 | Armed Robbery<br>F08099-89A | Held for SCGJ | " " |
| | Armed Robbery (Ct. B) | INSTANT OFFENSE | " " |
| | Any Other Felony<br>(Ct. C) | Dismissed | " " |

4 - 3

PROBATION/PAROLE/PRE-DISPOSITION ADJUSTMENT:

The defendant has a history of community supervision via parole
and probation.  He was initially placed on probation in this
jurisdiction under community supervision of G. Davis on 9-6-78, having
been sentenced in dkt. M05719-78, Possession of Marijuana, to 365 days,
185 days suspended, one year probation.  The defendant's probation
terminated successfully on 9-5-79.

The defendant is presently on parole under the community
supervision of Parole Office L. Butler, 727-5131, 1339 Green Court
N.W., Washington, D.C.  The defendant was paroled on 1-25-89, in three
dockets, F00160-83, Burglary II; F02543-84, Possession of Dilaudid and
F03214-89, Prison Breach.  The defendant received a cumulative sentence
of 5-15 years.  The defendant's full term date is December 8, 1999.  As
a special condition of parole, the defendant was to receive drug
treatment.

With reference to the defendant's adjustment to parole, it was
described by Officer Butler as poor.  Since having been paroled, the
defendant has only made four office visits.  He has failed to comply
with stipulations of parole.  The defendant, on June 26, 1989, was
referred to ADASA for detox.  He was to enter detox on June 29, 1989,
which he failed to do.

A warrant was requested for the defendant by Officer Butler in
July 1989.  To date, according to Officer Butler, no response has been
received from the Parole Board.

During this pre-disposition period the defendant was been
incarcerated at the Lorton Facility.  Upon visiting him at the said
facility, the defendant informed this officer that he did not wish to
be interviewed.  He was uncooperative with this officer.

EMPLOYMENT HISTORY:

Employment information is not known.

SOCIAL HISTORY:

Family History

Unknown.

7

SOCIAL HISTORY:     (continued)

## Education/Training

Unknown.

## Military

Unknown.

## Marital Status and Living Arrangements

Unknown.

## Financial Status

Unknown.

## Health

Unknown.

## Substance Use/Abuse

Unknown.  The defendant was referred to ADASA for a spot check by Parole Officer Butler on 7-13-89.  He tested negative.  However, according to Officer Butler, this is not to say that the defendant is drug free.  It was noted by Officer Butler that the defendant had only reported to the Parole Department on four occasions.  It was also noted that he failed to enter detox on June 29, 1989.


EVALUATION AND DIAGNOSIS:

Mr. Taylor, 31 years of age, is before the Court for sentencing having been found guilty by a jury of Armed Robbery.  The Instant Offense adds to array of charges incurred by the defendant.  Not much is known about the defendant, however, what is known is that the defendant seemingly since the latter of 1970's has been a recidivist to the criminal justice system.  The defendant was afforded the privilege of parole and abused this privilege.  He failed to cooperate with the

8

EVALUATION AND DIAGNOSIS:   (continued)

Parole Department.  The defendant also was rearrested while on parole.
When this officer attempted to interview the defendant he informed this
officer that he did not want to be interviewed.  He indicated that it
would not help him none.

     Based on the defendant's past criminal record as well as what
appears to be continued criminal behavior, this officer does not view
the defendant as amenable to community supervision, but rather finds
him in need of a structured environment.  This officer would suggest
that the defendant be sent to a Federal designation enabling him to
receive assistance for substance abuse as well as vocational and
educational training.


TREATMENT PLAN:


          (1)  Vocational/educational training.

          (2)  Drug treatment and counseling.

Case 1:05-cv-01887-RWR    Document 9-4    Filed 12/02/2005    Page 10 of 10

9

RECOMMENDATION:

   Incarceration.

INTENSIVE PROBATION SUPERVISION ELIGIBILITY:

   The defendant is <u>not</u> eligible for assessment by the Intensive
Probation Supervision Program.


                              Respectfully submitted,


                              _____
                              Marian Yates
                              Probation Officer
                              879-1880




Approved by: _____
             Supervisory Probation Officer
             879-1929

MY/