# EXHIBIT D

## D.C. INITIAL HEARING SUMMARY

| | |
|---|---|
| Name: TAYLOR, Maurice | Sentence Length and Type: 15-45 Yrs. |
| Reg No: 00191+971 | |
| Hearing Date: 2/18/99 | Parole Eligibility Date: 8/7/99 |
| Date of Birth: | Short Term Date: 9/28/19 |
| Detainer: Yes - DC Parole Board | Full Term Date: 7/11/34 |
| Institution: NOCC | Months in Custody: 115 |
| Examiner: Kenneth Walker | As Of: 2/18/99 |
| | Severity Rating: |
| | Salient Factor Score: |
| | Guideline Range: |

**Recommended Release    After Service of    Months**

---

I. The panel has discussed the prisoner's offense behavior, salient factor score, DC point assignment work sheet and the re-hearing guidelines with the prisoner. The prisoner denies the description of the offense behavior. He admits to the salient factor score, the DC point assignment work sheet and the re-hearing guidelines.

Subject explained that on 2 occasions, he has attempted to have his case remanded for a new trial which has been denied. He noted that the last time he attempted to have the case remanded was in 1997. Subject noted that 2 other individuals were arrested for this charge. One received a 5-15 year sentence for aiding and abetting and the other individual was not sentenced. Subject explained that this particular person provided testimony to the government concerning the crime. Subject denies knowing this particular individual who provided this testimony and that he was not involved in the act as he has been found guilty of. Subject went to a jury trial. He noted at the time of the trial he wanted to testify, but was denied.

II. Final Send Factor Score/Base Score/Total Points:

**Salient Factor Score:**

A = 0   Subject has 4 prior convictions.

1. 6/29/78 - Possession of Marijuana and Disorderly Conduct; 365 days work release, 185 days suspended and 1 year probation.

TAYLOR.001                                                                    Page 1 of 4



2. 12/13/82 - Possession of Heroin; 180 days work release.
3. 1/7/83 - Burglary II; 4-12 years custody.
4. 12/16/83 - Possession of Dilated; 120 days confinement.
5. 1983 - Prison Breach; 1-3 years custody.

B = 0  Subject has 3 prior commitments of more than 30 days that were imposed prior to the last overt act of the current offense.

C = 3  Subject was 30 years old at the commencement of the parole violation behavior. Subject has 3 prior commitments.

D = 0  Subject was last released from a countable commitment, 1/25/89.

E = 0  Subject is a parole status violator.

F = 0  Subject was not 41 at the time of the current offense.

**Total Score:** 3

**Category One:** +3

**Category Two:** +3

**Category Three:** 0

**Base Point Score:** 6

The re-hearing guideline range is 18-24 months.

**Category Four Points:**

**Category Five Points:** -1

**Total Point Score:** 5

**Modifications to Salient Factor Score/Base Score/and Total Point:**

> In regard to the SFS, subject should receive 3 points under Item C noting that subject has 3 prior commitments. This would give the subject a total SFS of 3 as opposed to 2.

III.   **Institutional Factors:**

A.   **Discipline:**

TAYLOR.001                                                                                   Page 2 of 4

Based on subject's institutional file, it doesn't appear that the has incurred any institutional infractions. No disciplinary reports are in the file that are related to his current sentence of 15-45 years. There are some previous disciplinary reports that are in the file that subject incurred when he was last in custody. These were indicated on the pre-review, but it does not appear that the subject should be held accountable for these. The subject was last paroled on 1/25/89 and the institutional infractions that are mentioned on the pre-review occurred in 1985 through 1987. At today's hearing subject was asked if he has incurred any institutional infractions on the current sentence and he indicated no.

B. **Program Achievement:**

Subject completed an alcohol and drug abuse program in December, 1989. In December, 1996 he completed a 1 year drug abuse program and in October, 1995 he completed a 1 month program for drug abuse. In addition, subject completed a non-violence conflict resolution course on 9/22/98. Also, subject has been a volunteer referee for basketball and softball games. Subject has received several certificates for his participation in these activities.

IV. **Fines, Restitution, Court Assessment:**

V. **Release Plans:**

Subject indicated that upon his release he would live with a cousin who lives in Temple Hills, Maryland. In regard to employment, he is hopeful to secure employment as a dry wall technician.

VI. **Representative:**

None

VII. **Risk:**

Subject has 1 prior conviction for burglary II (residential) and other than the instant offense, there has been no previous history of violence.

VIII. **Evaluation:**

At this time, based on the subjected total point score of 5, parole should not be granted at this particular hearing. Based on the subject's overall adjustment, it appears that he has been attempting to do well, noting that there are no institutional infractions during this course of custody and he has been involved in some programming. This examiner

believes that should the subject's institutional adjustment continue to be satisfactory, provided he is given a re-hearing, that he should be considered for parole at the next hearing. Subject has been in continuous custody approximately 115 months. He has a parole eligibility date on 8/7/99 and if given a re-hearing within the guidelines, subject will probably have to have 2 hearings before he is able to lower his DC point grid system to a 3.

XI. **Panel Recommendation:**

1. Deny parole.
2. Continue for a re-hearing in February, 2001.

NOTE: Subject recently took a GED test, but failed it by several points.

LRW
February 28, 199