# EXHIBIT F

(RHP-S)

&lt;SUMCODE-DCREHPP_SUM&gt;
## D.C. ADULT REHEARING HEARING SUMMARY
### (INITIAL HEARINGS/REHEARINGS BETWEEN 8/5/98 AND 1/2/2001)
### (NO POINTS FOR DISCIPLINE AND NO POINTS FOR SPA ON PREVIOUS HEARINGS)

**Offense of Conviction - Armed Robbery**

| | |
|---|---|
| Name | :TAYLOR, Maurice D. |
| Reg. No | :12280-007 |
| Hearing Date | :3/28/02 |
| Institution | :Sussex II State Prison |
| Short Term Date | :9/28/2019 |
| Full Term Date | :7/11/2034 |
| Fines/Restitution/Court Assessment | :$20 |
| Detainer | :DC PV Warrant |
| Hearing Examiner | :Dorothy A. Beale |

**Previous Parole Board Action:**

See Prehearing Assessment dated 3/2/02.

**Prisoner's Statement:**

At today's hearing, subject stated that he realizes that he can not make up for his past criminal conduct, however, he has attempted to do so by maintaining good conduct, a job assignment and programming while being incarcerated.

### Institutional Factors

**Discipline:**

N/A.

**Program Achievement:**

Since his last hearing subject is working in the kitchen earning good work evaluations. Additionally, subject has completed a VT class in Safety & Sanitation, a Counseling Program, Self-Esteem and a successful Parenting Group.

**Release Plans:**

Subject stated that after he satisfies his PV, he plans to reside with his sister, Robin



TAYLOR.122                                                                 Page 1 of 3

(RHP-S)

Washington. Subject could not recall her address but indicates that she lives in the area of Third and P Street SW. He will have to look for employment when he is released.

**Representative and Representative's Statement:** N/A.

## Guideline Parameters

**SFS:** 3

**Base Point Score:** 6

36-48　Base Guideline Range
121　Months Required to Serve to PE Date
0　　Disciplinary Guideline Range
0　　Superior Program Achievement Award
157-169　Total Guideline Range

**Modifications to Prehearing:** N/A.

## Overall Evaluation and Recommendation

**Evaluation:**

Since the subject last appeared before a parole panel his overall adjustment has been satisfactory in that he has maintained clear conduct, a job assignment and continued to participate and complete institutional programs.

At today's hearing, this examiner is recommending that subject obtain a parole date at today's hearing at the top of his total guideline range. It should be noted at this time if this recommendation is adopted then the warrant should be executed and subject should be scheduled for a Revocation Hearing.

At today's hearing, this examiner did not attempt to conduct a combined DC Rehearing/Dispositional Revocation Hearing because subject had not received prior notice and there was no information regarding his violation behavior.

You have been in confinement as a result of your current offense behavior for a total of 153 months as of 4/15/02.

After review of all relevant factors and information presented, a decision outside the current total guideline range at this consideration is not found warranted.

TAYLOR.122　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2 of 3

(RHP-S)

Executive Reviewer's Modification And/Or Comments:

PAH
March 29, 2002

TAYLOR.122

# ADDENDUM

| | | |
|---|---|---|
| Name: | Taylor, Maurice | Institution: Sussex II State Prison |
| Reg No: | 12280-007 | Hearing Date: 03-28-02 |
| | | Reviewer: Kathleen A. Pinner |

I concur with the recommendation for a parole date on 07-23-03, but recommend that instead of paroling him to the DCPV detainer, that the detainer be withdrawn. S's owed approximately 11 years on the DC sentence. If the warrant were executed on 07-23-03, the FTD would be some time in late 2014. On the instant sentence that S. is serving, the FTD is 2034, some 20 years later, so S. will have considerable supervision on the instant sentence. The PV guidelines in this case are based on the instant offense, a robbery. With an SFS of 2, the reparole guidelines would be 60-72 months. At the time of the instant hearing, S. has been in custody 153 months, well above the guideline range. Therefore, I recommend the DC warrant be withdrawn and he be paroled to the community, with SDAC.

KAP
April 10, 2002