# EXHIBIT N

U.S. DEPARTMENT OF JUSTICE  
UNITED STATES PAROLE COMMISSION

WARRANT APPLICATION  
D.C. Code Offender

Name .......................... Taylor, Maurice

Reg. No ........................ 12280-007  
DCDC No ...................... 191-971  
FBI No .......................... 572385T4  
Birth Date .....................  
Race ............................. Black

Date .................................... August 8, 2005  
Termination of Supervision ...... July 11, 2034  
[If Conviction Offense Before April 11, 1987 And Offender Is On Mandatory Release, Termination Date Is 180 Days Prior To Full Term]  
Violation Date ......................... April 21, 2004  
Released .............................. September 26, 2003

Sentence Length ........... 45 years (original term)  
Original Offense ............. Armed Robbery

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

## CHARGES:
**Charge No. 1 - Use of Dangerous and Habit Forming Drugs.** Between 6-10-04 and 7-26-05, the releasee submitted urine specimens which tested positive for:

Cocaine  
Cocaine and Opiates on 4-21, 5-11, 6-17, 6-21, 7-15, 7-22, 8-3, 8-5, 8-12, 8-19, 10-20 and 12-1-04

This charge is based on the information contained in the violation report dated 7-29-05 from supervising officer LaSonia Rivers and corresponding drug report dated 7-29-05  
**I ADMIT [ ] or DENY [ ] this charge.**

*N*



Charge No. 2 - Failure to Submit to Drug Testing. Between 5-13-04 and 12-6-04, the releasee failed to submit urine specimens on 16 occasions. This charge is based on the information contained in the violation report dated 7-29-05 from supervising officer LaSonia Rivers.
I ADMIT [ ] or DENY [ ] this charge.

Charge No. 3 - Violation of Special Condition (Drug Aftercare). The releasee was discharged from Federal City Recovery Services on June 24, 2005 for absconding. This charge is based on the information contained in the violation report dated 7-29-05 from supervising officer LaSonia Rivers and discharge summary dated 6-27-05.
I ADMIT [ ] or DENY [ ] this charge.

Charge No. 4 - Failure to Comply with Graduated Sanctions. On 7-12-05, the releasee was placed on daily reporting for 5 days. He failed to do so on 7-15, 7-18 and 7-19-05. This charge is based on the information contained in the violation report dated 7-29-05 from supervising officer LaSonia Rivers
I ADMIT [ ] or DENY [ ] this charge.

Charge No. 5 - Failure to Report to Supervising Officer as Directed. The releasee failed to report to the supervising officer on 7-26-05 as directed. This charge is based on the information contained in the violation report dated 7-29-05 from supervising officer LaSonia Rivers.
I ADMIT [ ] or DENY [ ] this charge.

**Probable Cause Hearing Is Required**

Warrant Recommended By:

Warrant Issued................... **August 8, 2005**

Rhonda A. Shelton, Case Analyst
U.S. Parole Commission

Community Supervision Office Requesting Warrant: General Supervision Unit VII-Team 4, 25 K Street

Taylor, Maurice
Reg. No. 12280-007    DCDC No. 191-971

# WARRANT
## D.C. Code Offender

U.S. Department of Justice
United States Parole Commission

---

To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:

WHEREAS, Taylor, Maurice, Reg. No. 12280-007, DCDC No. 191-971, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 45 years (original term) for the crime of Armed Robbery and was on September 26, 2003 released on parole from Hope Village CCC with 11246 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on August 8, 2005

*[signature] 8/8/05*
U.S. Parole Commissioner

---

Taylor, Maurice
Reg. No. 12280-007    DCDC No. 191-971

# Memorandum 

| | |
|---|---|
| Subject<br>Warrant Execution Instructions Regarding:<br>Taylor, Maurice<br>Reg. No. 12280-007<br>DCDC No. 191-971 | Date<br><br>August 8, 2005 |
| To<br><br>U.S. Marshal<br>District of Columbia - District Court<br>333 Constitution Ave, N.W., Room 1400<br>Washington, D.C. 20001<br>Warrants - Attn: Sean McLeod | From<br>*Rhonda A. Shelton*<br>Rhonda A. Shelton<br>Case Analyst<br>U.S. Parole Commission |

Enclosed are the Warrant Application and Warrant issued by the United States Parole Commission for the above-named parolee. Please notify the Parole Commission promptly of all developments concerning the disposition of this warrant.

Please assume custody as soon as possible.

If the parolee is already in the custody of federal, state, or local authorities, do not execute this warrant. Place a detainer and notify the Commission. Also, if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence. If after executing this warrant, it is determined that another arrest warrant for the parolee has been executed or was outstanding at the time this parole violator warrant was executed, the arresting officer may, within 72 hours of executing this warrant, release the parolee to the other arrest warrant and place the violator warrant as a detainer. The arresting officer shall promptly notify the Commission of this action.

If the prisoner is sentenced to a new federal, state or local term of imprisonment, place the warrant as a detainer and indicate the institution designated for service of sentence.

After execution of the Warrant, (1) give one copy of Warrant Application to the prisoner; (2) provide one copy of the Warrant Application to the Community Supervision Officer as soon as practical after taking custody; and (3) advise the Parole Commission and the Community Supervision Officer that the subject is in custody (noting the place of confinement and the date warrant was executed).

When prisoner is returned to the designated institution, leave one Warrant and one Warrant Application with the Warden.

COMMUNITY SUPERVISION OFFICER: Please keep the Commission advised of all further developments in this case. If there has been a conviction of an offense committed while under supervision for which a term of imprisonment is authorized by law (even if no term of imprisonment is imposed in this case), do not conduct a preliminary interview unless the Parole Commission specifically orders that one be conducted.

Enclosure

cc: D.C. Court Services and Offender Supervision Agency

---

Taylor, Maurice
Reg. No. 12280-007   DCDC No. 191-971

Special Projects Unit
300 Indiana Avenue, N.W., Suite 2076
Washington, D.C. 20001

RAS