UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAURICE D. TAYLOR          :
       Petitioner,        :
                               :
       v.                  :  05-cv-1887 (RWR)
                               :  Judge Roberts
U.S. PAROLE COMMISSION, et al. :
       Respondents.       :

PETITIONER'S OPPOSITION MOTION TO STRIKE THE
RESPONDENTS OPPOSE MOTION TO DISMISS HIS WRIT
OF HABEAS CORPUS AND RELEASE HIM IMMEDIATEDLY
FROM THE CORRECTIONAL TREATMENT CENTER (CTF).

    The Petitioner, through its own JailHouse Lawyer, Milton Joseph Taylor, known as the petitioner's "BLOOD-BROTHER", hereby respectfully moves this Honorable Court to STRIKE" the respondents opposition motion that was filed in bad faith and with the malicious intent to interfere with the due administration of justice, because the U.S. Attorney Office for the District of Columbia have a legal duty to prosecute all federal and state officials whom had participated in a fraudulent scheme to "KIDNAPPED" the petitioner over the D.C. Jail, <u>without an official signed Judgment and Commitment Order</u>.

    The respondents has not shown cause to this Honorable Court that Mr. Maurice Taylor has "WAIVED HIS RIGHTS TO A JUDICIAL SHOW CAUSE HEARING" as required by the Criminal Procedure Rule No. 32.

## PROCEDURE HISTORY

On March 13, 1990, petitioner was sentenced to serve 15 to 45 years of incarceration by Judge Scott for the charge Armed Robbery, in case number F-8099-89. The petitioner was "CONTRACTUALLY" transferred to the Bureau of Prisons until he was release from a Federal Halfway House in the year of 2003 and than was placed on parole by the U.S. Parole Commission. The petitioner's Sentencing Computation Sheet clearly shows that, he had served approximated 13½ years in jail, on a 15 years minimum term. This 13½ years incarceration period was contrary to his state law, because the Bureau of Prisons officials did not calculate his sentence under the 65 Per Cent State Scale Law at all, when Mr. Taylor would had served 10 years in prison on a 15 years minimum term, if he would had received his 120 days a year Good Time Credits. This claim above constituted a clear cut violation of the "EX POST FACTO CLAUSE" that the respondent did not contest in their Opposition Motion at all.

On November 3rd, 2005, the petitioner was coerced by his Public Defender Lawyer (Vincent Haskell) to accept the Parole Commission's proposal for serving 12 months in jail and the defense attorney above had 'waived' Mr. Taylor rights to an official judicial revocation hearing, <u>that should had been held within the Superior Court by an "ARTICLE III JUDGE."</u> Attorney Haskell was advised by the petitioner brother (Milton Taylor) to stay this Parole Hearing until the outcome of this pending 2241 writ, IN VIOLATION OF TITLE 18 U.S.C. § 242.

-2-

ARGUMENT

### A.    Introduction

Petitioner had raised a multitude of claims within his petition for habeas relief:  1)  the Parole Commission has been abolished; thus it lacks jurisdiction to revoke his parole;  2)  the Parole Commission acted in bad faith when it revoked petitioner's parole in November 2005;  3) the Parole Commission's delegated authority is unconstitutional, in violation of the Separation of Power;  4) the Parole Commission's detainers are unlawful executed by the U.S. Marshal Services; 5)  Parole decision and Notice of Action are "NON APPEALABLE" in violation of the due process clause;  6)  the Parole Commission's urine testing constitute a DNA self-incriminating violation of the Miranda Rights, which had lured parolees back into jail; 7)  the Parole Commission unlawfully forfeited the time petitioner had spent on parole; and 8) an error exists on petitioner's Judgment and Commitment Order that entitles him relief.  All claims does substantiate merits for relief.

### B.    Parole Commission Lacks Jurisdiction To Revoke Parole

The petitioner has been re-arrested by the U.S. Marshal on a Parole Commission's filed "BOGUE-DETAINER" and being detain at the Correctional Treatment Center (CTF), because he had tested positive for drugs, failure to report for drug testing, his failure to report to his parole officer and abscondence from a drug treatment

-3-

program, which should never had resulted to a prison term at all.

The Government's Opposition Motion does not contest the petitioner's main issue, that "the U.S. Parole Commission is not an Article III Judge, who can perform any judicial function without violating the Separation of Power Doctrine.

The Government's Opposition Motion on page no.5 does admit to the mere fact that Congress had passed legislative Bills granting the U.S. Parole Commission extented authority to have operate over D.C. Code Offenders, <u>after being "ABOLISHED" by the Supreme Court Justice Judges</u>. Furthermore, the President had signed into law, legislation extending the Commission until October 31, 2005. See Pub. L. No. 107-273, 116 Stat. 1758, 1824.

Congress and the U.S. President had co-signed to the enactment of bad provision of laws, by granting excessive-power to the U.S. Parole Commission to "REVOKE" a parolee sentence and make the "FINAL ADJUDICATION" on a parole violator revocation hearing.

Pursuant to the D.C. Code § 24-131 (a), which authorized the Parole Commission full authority to grant, deny or revoke a D.C. Code Offender's parole, and to impose or modify conditions upon an order of parole, as well as the Parole Commission is authorized to "[i]ssue a warrant for the apprehension and return of the offender to custody, pursuant to Title 28 C.F.R. § 2.98 (a)(2), has been "DELEGATED UNLAWFULLY", <u>because the Parole Commission is an 'executive officer under the law and his primarily duty was only to make a "RECOMMENDATION REPORT" to the parolee sentencing judge, in the same fashion of a U.S. Magistrate Judge.</u>

C.  Petitioner Is Entitled To Receive Credit For Street Time

Petitioner contends that the Parole Commission unlawfully denied him credit for the time he has already spent on parole. This Honoable Court was [s]quarely faced with the same above issue, whether a defendant supervised release term can be extended beyond his maximum sentence. In United States v. Milton J. Taylor, Criminal Action No. 97-35, Civil Action No. 04-669 (GK), On December 27, 2004, Magistrate Judge Alan Kay issued a Report and Recommendation in the above Caption Case number, which found that Mr. Taylor's term of supervised release had ended in December of 2003. On February 4, 2005, Judge Gladys Kessler had adopted the Report and Recommendation and ordered that Mr. Taylor's criminal case be closed. See Attached Exhibit No. 1 and 2.

From the above cited case law, the petitioner had shown that the U.S. Parole Commission lacks subject matter jurisdiction to deprived D.C. Code Offenders of their "STREET TIME CREDITS" and the Fourth Circuit Court of Appeals was squarely faced with the same above issue. See U.S. v. Thorne, 153 F. 3d 130 (4th Cir 1998). See also, U.S. v. Goodman, 914 F. 2d 296, 697-698 (5th Cir. 1990). See Luck v. District of Columbia, 617 A. 2d 509 (D.D.C. 1992)(Luck I). D.C. Code § 24-221.03, authorize every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed.

## D. The Parole Commission Is An Unlawful Entity Under The Department Of Justice Acting In Bad Faith

Petitioner's argument stands out very clear, because the Parole Commission had acted in bad faith when he revoked the second portion of his original sentence without the approval of the petitioner's Sentencing Judge. D.C. Code § 11-923 (b), only authorized Superior Court Judges the power to revoke probation or Supervised Release Offenders, <u>but does not give the U.S. Parole Commission any legal power to hold a parole revocation hearing nor revoke any D.C. Code Offenders sentence at all</u>.

On the contrary, Congress Woman Eleanor Holmes is totally responsible for enacting unlawful "BAD STATUTES" suchas the D.C. Code 24-131, 24-133, § 24-406 and 28 C.F.R. § 2.20, which had authorized the U.S. Parole Commission to "KIDNAPPED" D.C. Code Offenders behind bars without an official Judgment and Commitment Order and had extended the U.S. Parole Commission authority over Five (5) years. The Supreme Court Justice Judges had declared that the U.S. Parole Commission was "ABOLISHED" in the year of 1992, based on the mere fact that the Sentencing Commission and the Parole Commission could not both perform the same function. See <u>U.S.</u> v. <u>Mistretta</u>, 488 U.S. 361. This case is also govern by <u>U.S.</u> v. <u>Estrada</u>, 680 F. Supp. at 1338, also had stated that the Parole Commission was abolished, pursuant to the Sentencing Reform Act of 1984. This Honorable Court must now "CAP" the "PHASE-OUT and PHASE-IN" of the U.S. Parole Commission's authority for good, <u>because Congress had "OVER-TURN" a Supreme Court's past precedent</u>.

The respondent has not showned cause why the U.S. Parole Commission can lawfully operate in the capacity of an official judge, without being an "LICENSE ARTICLE III JUDGE", whom was require to had taken a "SWORN OATH" in official office, pursuant to Title 28 U.S.C. § 453 and why this Court should not rule on the above issue, in violation of the "SEPARATION OF POWER." This Federal Question above, cannot be brought under a D.C. Code § 23-110 Motion, when the sentencing judge had already "RELINQUISHED" his own legal power to revoke the petitioner's second portion of his sentence and the D.C. Code § 24-109 has becamed a "RESERVED" statute unlawfully, as well as abolished on its face.

The petitioner was only required to show an unlawful confinement by being detained in jail, pursuant to Title 28 U.S.C. § 2241 and the law is very clear that the U.S. Parole Commission cannot be in vested with judicial power to make a "FINAL ADJUDICATION" on the second portion of his sentence, because a non-judicial officer of the law, cannot revoke his sentence at all and the U.S. Parole Commission has created his own "COURTHOUSE" unlawfully at the Correctional Treatment Center (CTF). Johnson v. U.S., 48 F. 3d 806, 808-09 (4th Cir. 1995).

The petitioner contends that "he has never waived his rights to a judicial "SHOW CAUSE HEARING" and he "PROTEST" that it is unconstitutional for his parole officer to had compelled him to submit to a drug test without the legal advice of counsel, whereas DNA Sample is another form of self-incrimination Data process.

CONCLUSION

For the foregoing reasons stated in this motion, the petitioner respectfully request that this Honorable Court will issue an order against the respondents to release him immediatedly from custody, before the petitioner will be transfer to the custody of the Bureau of Prison.

Respectfully submitted,

*Maurice D. Taylor*
MAURICE D. TAYLOR
D.C.DC. No. 191-971
1900 D. St. S.E.
Central Treatment Facility
Washington, D.C., 20003

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, a true copy of this Motion To Strike to Tricia D. Francis, Assistant U.S. Attorney, 555 4th Street, N.W., 10th Floor, Washington, D.C., 20530 on this 20th, day of December, 2005.

*Maurice D. Taylor*

CC. Harley Lapkins
Director of the B.O.P.
320 First St. N.W.
Washington, D.C., 20530

Vincent Haskell
Attorney at Law
Public Defender Office
Wash, D.C., 20001

-8-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Respondent,<br><br>   v.<br><br>MILTON JOSEPH TAYLOR,<br><br>   Petitioner. | Criminal Action No. 97-35 (GK)<br>Civil Action No. 04-669 (GK)<br><br>**FILED**<br><br>FEB 0 4 2005<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

### ORDER

On December 27, 2004, Magistrate Judge Alan Kay issued a Report and Recommendation in this case, which found that Defendant's term of supervised release had ended in December of 2003. On February 4, 2005, this Court adopted the Report and Recommendation and ordered that Defendant's criminal case be closed. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Vacate, Correct or Set-Aside Sentence [#189] is **denied as moot**;

**ORDERED** that the Government's Motion to Transfer Defendant's Pro Se Successive Collateral Attack Motion is **denied as moot.**

Feb 4, 2005
Date

Gladys Kessler
U.S. District Court Judge

1

Exhibit No. 1

209

Copies to:

Janice K. Myhand
Assistant United States Attorney
555 4th Street, NW
Special Proceedings Section, 10th Floor
Washington, D.C. 20001

Milton J. Taylor
3038 Brightseat Rd., #201
Lanham, Maryland  20706

EXHibiT No. 2