RECEIVED
JUL 1 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAURICE D. TAYLOR         :
    Petitioner,        :
                          :
        VS.       :       Civil Action No. 05-1887
                          :       (Judge R.W. Roberts)
U.S. PAROLE COMMISSION et al. :
    Respondents.       :

## MOTION TO MAKE A FINAL JUDGMENT
## BEFORE THIS CASE BECOME MOOT

The petitioner, respectfully requests that this Honorable Court will expedite this case before it become "MOOT" and release Mr. Taylor from the custody of the Bureau of Prisons, by way of ruling on Mr. Taylor's separation of power claim and unlawful confinement, in violation of his 8th Amendment Rights.

The petitioner, Maurice D. Taylor is being confine at CI Rivers, Correctional Institution, P.O. Box 630, Winton, North Carolina, 27986, with a "Presumptive Date" for being release on August 30th, 2006, if he hasn't received any Incident Reports.

This Honorable Court should take immediately action before August 30th, 2006 and make a ruling on declaring the U.S. Parole Commission unconstitutional, for performing a judicial function, in violation of the "SEPARATION OF POWER" doctrine and to "CAP" Congress intention to keep the Federal Board in existence.,. until 2008. See Public Law No. 109-76, section 2.

-1-

## PERTINENT STATUTES, RULE AND AMENDMENTS

Criminal Procedure Rule No. 32.1 (a)(1). and (2).

    (a) Initial Appearance.

    (1) Person In Custody. A person in custody for violating probation or supervised release must be taken without unnecessary delay before a <u>magistrate</u> <u>Judge</u>.

    (A) If the person is held in custody in the district where an alleged violation occured, the initial appearance must be in that district.

    (2) Revocation Hearing, Unless waived by the person, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction. <u>See also</u>, 353 F. 3d at 102, n.8

D.C. Code § 24-221.03. Jail Time: Parole which states:

    (a) Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed. When entering the final order in any case, <u>the court shall provide that the person be given credit for the time spent in custody</u> or <u>on parole</u> as a result of the offense for which sentence was imposed. (Apr. 11, 1987, D.C. Law 6-218, § 5, 34 DCR 484). See <u>Luck</u> v. <u>District of Columbia</u>, 617 A. 2d 509 (D.D.C. 1992)(Luck I).

FIFTH AMENDMENT RIGHT.

    The Double Jeopardy Clause states: "[N]or shall any person for the same offense be twice put in jeopardy of life or limb. See <u>U.S.</u> v. <u>Ragins</u>, 840 F. 2d. 1184, 1188 (4th Cir. 1995).

## ARGUMENT

The petitioner had raised a "FEDERAL QUESTION" of law before this Court, in which, Congress-Woman Eleanor Holmes Norton, is totally responsible for impermissibly granted a "DELEGATED-POWER" to the U.S. Parole Commission to perform a <u>judicial</u> <u>function</u> over all D.C. Code Offenders minimum and maximum sentence, not to exclude the U.S. Parole Commission having power to <u>forfeit</u> "STREET TIME" credit, <u>hold revocation hearings in jail for a sentencing judge</u>, <u>set a 'PRESUMPTIVE RELEASE DATES' that the Courts does not do themselves</u>, <u>revoke parole or supervised release terms and set the full term for drug testing</u>. These above functions are all "JUDICIAL-OFFICERS DUTIES", whereas state judges had declined to perform and <u>it clearly shows delegated of power to the U.S. Parole Commission to carry out in its entirety</u>. D.C. Code § 11-923 (b)(1) <u>prohibit</u> the U.S. Parole Commission for carrying out these above functions, as being a "NON-JUDICIAL OFFICER OF THE LAW. D.C. Code section 11-923 (b)(1) must be enforce by the sentencing judges in the Superior Court and federal judges should interpret this statute for Congress and the U.S. Parole Commission. Furthermore, <u>the Criminal Rule No. 32.1 require a 'magistrate judge or sentencing judge to hold revocation hearing only and nothing once mention the U.S. Parole Commission to hold revocation hearing in jail</u>. See also, D.C. Code § 24-104.

-3-

Article III of the Constitution vests responsibility for resolving cases and controveries with the courts. As Justice Kennedy observed during his tenure on the Ninth Circuit, this responsibility requires "both the appearance and the reality of control by Article III judges over the interpretation, declaration, and application of federal law" to maintain "the essential, constitutional role of the judiciary." <u>Pacemaker Diagnostic Clinic of America, Inc.</u> v. <u>Instromedix, Inc.</u>, 725 F. 2d 537, 544 (9th Cir. 1984)(Kennedy, J.). The judiciary's "essential role" can be eroded just as easily through improvident delegation as through interference by another branch, id.; therefore, separation of powers forbids courts from delegating their Article III responsibilities. See <u>U.S.</u> v. <u>Melendez-Santana</u>, 353 F. 3d 93, 101 (1st Cir. 2003).

This is not a case where 'nonjudicial officers' are supporting some judicial functions, but they have taking the ultimate responsibility for the petitioner's Sentencing Judge, <u>whereas he will never be violated by any Superior Court Judge</u>, <u>even if he was to pick up another "NEW" charge in the future</u>. Parole Officials have no 'interpretation' of the law, un-license judges, have power to run a prisoner sentence 'consecutive' without any judicial discretion and will violate a parolee sentence for refusing to submit a "DNA TEST" or urine test for a parole officer. This is a violation of Separation of Power and due process clause, because <u>refusing to take a "DNA TEST" is not a new criminal activity</u> for revocational purpose nor is there any "PROBABLE CAUSE" to believe THAT THE PETITIONER WILL VIOLATE ANY FUTURE LAWS.

-4-

## PURPOSE WHY THE WRIT SHOULD BE GRANTED

The petitioner had "PROTESTED" the U.S. Parole Commission has no authority over his sentence or ability to revoke his said parole release term date, because it is an unconstitutional federal 'entity' under the Department of Justice, that had "IMPERSONATED" to became an "ARTICLE III JUDGE" and had arbitrarily violated the "SEPARATION OF POWER" doctrine.

Any adverse rulings handed down by this Court, will only 'conflict' with other Circuit Court judges within the 1st, 3rd and 4th Circuit Courts. See U.S. v. Melendez-Santana, 353 F. 3d 93, 101 (1st Circuit), U.S. v. Pruden, 398 F. 3d 241, 251 (3d Circuit) and U.S. v. Johnson, 48 F. 3d 806, 807-08 (4th Circuit).

This Court must now investigate why the Supreme Court Judges had declared the U.S. Parole Commission was "ABOLISHED" in the first instance of 1992 and Congress had over-turned a set precedent by the Supreme Court ? See U.S. v. Mistretta, 488 U.S. 361; and the other case U.S. v. Estrada, 680 F. Supp. 1312, at 1338 (D. Minn. 1988). Furthermore, the petitioner' Court filed record, will prove that he has never 'waived' his statutory rights as to be seen within a judicial Show Cause Hearing, for any revocation violation at all.

However, this case should be expedite as soon as possible, or the petitioner's requested relief will become "MOOT" and he will suffer an "IRREPARABLE-INJURY".

This Court must be mindful that Mr. Taylor will be release to a Halfway House on July 25th, 2006 for 30 days and the Bureau of Prisons Director is responsible for Mr. Taylor's confinement. Furthermore, the U.S. Parole Commission has been vested with judicial authority to forfeit Mr. Taylor's "STREET TIME CREDIT", <u>as being an "EXECUTIVE-OFFICER", in violation of the Separation of Power Doctrine.  See D.C. Code 24-406</u>.  In contrast, federal judges are prohibit from expanding a defendant's expiration release date.  See <u>U.S</u>. v. <u>Throne</u>, 153 F. 3d 130 (4th Cir. 1998); see also, <u>U.S</u>. V. <u>Milton J. Taylor</u>, 97-35-01, decided by judge G. Kessler on Feb. 4th, 2005.

Under the Parole Commission Phaseout Act, the Parole Commission was scheduled for dissolution on October 31, 2002, 15 years after November 1, 1987, the effective date of the Act.  <u>Walden</u> v. <u>U.S. Parole Commission</u>, 114 F. 3d 1136, 1138-39 (11th Cir. 1997). Prior to the 2002 expiration period, Congress passed, and the President of the United States signed into law, legislation extending the Commission until October 31, 2005.  See Pub. L. No. 107-273, 116 Stat. 1758, 1824.  Similar legislation was recently passed and signed into law further extending the Commission to October 31, 2008. See U.S. Parole Comm'n Extension and Sentencing Commission Authority Act of 2005, Pub. L. No. 109-76, Section 2.

What makes the Parole Commission Phase ou<sup>t</sup> Act unconstitutional, is that, parole officials cannot make the final resolution on a parolee sentence and their discretion should not exceed beyond a "RECOMMENDATION" to a sentencing judge.  See <u>U.S</u>. v. <u>Johnson</u>, 48 F.

3d. 806, 807-08 (4th Cir. 1995); see also, U.S. v. Benz, 282 U.S. 304, 311, 51 S. Ct. 113, 75 L. Ed. 354 (1931).

Congress-Woman Eleanor Holmes Norton, is totally responsible for impermissibly granted "DELRGATED-POWER" to the U.S. Parole Commission to performed a judicial function over all D.C. Code Offenders minimum and maximum sentence, in violation of D.C. Code § 11-923 (b)(1) and D.C. Code § 24-104.

Furthermore, the President of the United State had "BREACH" his "SWORN OATH" in office, when he had signed a legislature "BILL" for Congress, extending the U.S. Parole Commission's authority to act in capacity of an "ARTICLE III JUDGE." The President had 'sworn-in before the people of this country,' confessing that "HE WILL PERSONALLY PRESERVE AND PROTECT THE CONSTITUTION." But, he had signed a "BILL" for the U.S. Parole Commission to deprived all D.C. Code Offenders of their Constitutional Rights, in violation of Title 18 U.S.C. § 241 & 242.

The issues in this case may become very sensitive to the presiding judge and the U.S. Attorney Office, because Government officials misconduct must be corrected and this Court should "CAP" Congress intention to keep an unlawful Federal Parole Board in existence. For the foregoing above reason, the petitioner's parole term should be vacated, as justice requires.

Respectfully submitted,

*Maurice D. Taylor*

MAURICE D. TAYLOR

Dated: 7/19/2006

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, a true copy of this "MOTION TO MAKE A FINAL JUDGMENT" on the U.S. Attorney Office, LETICIA VALDES, located at 555 4th St. N.W., Washington, D.C., 20530, as being hand deliver by Milton J. Taylor, on this 19th, day of July, 2006.

*Maurice D. Taylor*
MAURICE D. TAYLOR
Reg No. 12280-007
CI RIVERS
P.O. BOX 630
Winton, NC, 27986

cc: MILTON J. TAYLOR
    PRO BONO COUNSEL
    1175 Stevens, Rd. S.E.
    Washington, D.C., 20020
    (301) 386-4608

- 8 -